```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JACQUELINE BRENNER,             )
on behalf of herself and        )
all others similarly situated,  )
    Plaintiff,                  )
                                )     C.A. No. 13-10931-MLW
         v.                     )
                                )
WILLIAMS-SONOMA, INC.,          )
    Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 31, 2014

Plaintiff Jacqueline Brenner ("Brenner") has filed this putative class action suit against defendant Williams-Sonoma, Inc. ("Williams-Sonoma"), alleging violations of Massachusetts General Laws chapters 93 and 93A based upon Williams-Sonoma's collection of customer ZIP codes, which were then used for targeted advertising by mail.

Discovery in this matter has not yet begun. However, Williams-Sonoma has filed a Motion for Summary Judgment, arguing that the undisputed facts show that Brenner cannot establish two elements of her chapter 93A claim. Specifically, Williams-Sonoma argues that Brenner cannot establish either that she has suffered a cognizable injury, or that the defendant's collection of her ZIP code within the past four years has caused her purported injuries. See Memo. in Supp. of Def.'s Mot. for Summ. J. at 1. Williams-Sonoma essentially argues that Brenner consented to the collection of her ZIP code because its stores display signs alerting consumers that it uses those codes for marketing purposes, that she could

have opted out from marketing mailings, and that because it first collected her ZIP code in 2004, the claim is barred by the four-year period of limitations for chapter 93A claims. See id. at 2-3.

Brenner opposes the motion for summary judgment and has requested limited discovery. In her opposition to the motion for summary judgment, Brenner invokes Federal Rule of Civil Procedure 56(d), which provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtains affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In support of her opposition, Brenner argues she should be allowed to engage in discovery, which she says will reveal that Williams-Sonoma does not adequately inform consumers of its ZIP code policies, that she has received unwanted mailings as a direct result of Williams-Sonoma's collection of her ZIP code in 2010, and that Williams-Sonoma improperly transfers customer information to third parties. See Pl.'s Memo. in Opp. to Def.'s Mot. for Summ. J. at 12. She argues that "[s]uch discovery will demonstrate that there is a material dispute as to whether Plaintiff was injured by Defendant's unlawful conduct." Id. at 23. Brenner has also provided affidavit evidence in support of her opposition, see Blankenship Decl., as is required under Rule 56(d).

2

Although Williams-Sonoma maintains its position that summary judgment would be appropriate, it has assented to the court's deferral of a decision concerning whether summary judgment is justified until the plaintiff has been granted an opportunity to conduct limited discovery under the auspices of the parties' proposed protective order. See Def.'s Reply Memo. in Supp. of Mot. for Summ. J. at 16.

The court finds that Brenner has shown "good cause for [her] inability to have discovered or marshalled the necessary facts earlier in the proceedings," that there is a "plausible basis for believing that additional facts exist and can be retrieved within a reasonable time," and that Brenner has adequately explained how such facts could defeat the motion for summary judgment. Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007) (explaining nonmovant's burden under Rule 56(f), now codified as Rule 56(d)). Therefore, the defendant's motion for summary judgment is being denied without prejudice to being refiled after the parties have had an opportunity to conduct sufficient discovery on these issues.

In their earlier request for an extension of time, the parties requested about ninety days for discovery on the matters raised in the motion for summary judgment, with the plaintiff's opposition due thirty days after the conclusion of the first phase of discovery. See Joint Mot. for Extension of Time. The court is adopting this schedule.

Accordingly, it is hereby ORDERED that:

1. The Joint Motion for an Extension of Time (Docket No. 24) is ALLOWED.

2. The Joint Motion for Entry of Stipulation and Proposed Protective Order as to Confidential Information (Docket No. 25) is ALLOWED.

3. The Defendant's Motion for Summary Judgment (Docket No. 19) is DENIED without prejudice.

4. Discovery concerning the motion for summary judgment shall be completed by June 27, 2014.

5. Any renewed motion for summary judgment shall be filed by July 31, 2014. Any opposition shall be filed by August 29, 2014. Any reply shall be filed by September 15, 2014.

6. A hearing on any motion for summary judgment and, if necessary, a scheduling conference, shall be held on October 14, 2014, at 4:00 p.m. The parties shall comply with the attached Order concerning that conference.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE
