UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JACQUELINE BRENNER, on behalf of  )
herself and all others similarly  )
situated,                         )
      Plaintiff                   )
                                  ) C.A. No. 13-10931-MLW
      v.                          )
                                  )
WILLIAMS-SONOMA, INC.,            )
      Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 28, 2016

I.   INTRODUCTION

On April 15, 2013, plaintiff Jacqueline Brenner brought this class action against defendant Williams-Sonoma, Inc. ("Williams-Sonoma"). Ms. Brenner sought to represent a class of consumers whose zip codes were collected unlawfully by Williams-Sonoma on or after April 15, 2009. Ms. Brenner died on June 28, 2015. Ms. Brenner's husband, Ronald Brenner, moved to substitute himself as plaintiff in his capacity as executor of Ms. Brenner's estate. See Docket No. 77. He also moved to amend the class definition and add himself as a plaintiff in his individual capacity. See id.

Magistrate Judge Judy Dein issued the attached Report and Recommendation. See Docket No. 96 ("R&R"). In it, she recommends denying both of Mr. Brenner's motions. Mr. Brenner has objected to that recommendation. See Docket No. 99 ("Obj."); Docket No. 106 ("Rep. in Supp. of Obj."). After careful consideration of Mr.

Brenner's objections, the court is adopting the Magistrate Judge's Report and Recommendation, and denying Mr. Brenner's motion to substitute and motion for leave to amend. In addition, because there is no longer a plaintiff to represent the class in this case, it is being dismissed without prejudice.

II. STANDARD OF REVIEW

Rule 72(b)(3) of the Federal Rules of Civil Procedure requires the court to review "de novo any part of the magistrate judge's disposition that has been properly objected to." "Conclusory objections that do not direct the reviewing court to the issues in controversy" are not proper under Rule 72(b). Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006). Waiver of de novo review by failing to file proper objections does not entitle a party to "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); see also Costa v. Hall, No. 00-12213-MLW, 2010 WL 5018159, at *17 (D. Mass. Dec.2, 2010) ("Absent objections, the court may adopt the report and recommendation of the magistrate judge."). However, review by the court in such circumstances is not prohibited, and some level of oversight, even if not de novo, is encouraged. See Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987).

III. DISCUSSION

   A. The Motion to Substitute

   The Magistrate Judge concluded that Ms. Brenner's claims did not survive her death. See R&R at 8-14. Accordingly, she recommends denying Mr. Brenner's motion to substitute himself as plaintiff in his capacity as executor of Ms. Brenner's estate. See id. Mr. Brenner has not objected to that recommendation. Moreover, the court finds the Magistrate Judge's analysis to be thorough, thoughtful, and persuasive. Accordingly, the court is adopting her recommendation and denying Mr. Brenner's motion to substitute.

   B. The Motion for Leave to Amend

   The Magistrate Judge concluded that Mr. Brenner's motion for leave to amend is futile because the claims he seeks to assert are barred by the statute of limitations. Mr. Brenner's claims arise under Mass. Gen. Laws c. 93A, §9 ("Chapter 93A").[1] Chapter 93A claims are subject to a four-year limitations period. See M.G.L. c. 260, §5A. A Chapter 93A claim accrues "at the time injury results from the assertedly unfair or deceptive acts." Cambridge Plating Co. v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993) (citing Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29

---

[1] The complaint also asserted a claim for unjust enrichment. See Complaint ¶¶27-30. However, Mr. Brenner has not argued that this claim is timely.

3

Mass. App. Ct. 215, 220-21 (1990)). The collection of zip codes in violation of Mass. Gen. Laws c. 93, §105(a) constitutes an "unfair or deceptive act," and the "receipt by a consumer of unwanted marketing materials" constitutes an injury. Tyler v. Michaels Stores, Inc., 464 Mass. 492, 504 (2013). Mr. Brenner first received unwanted marketing materials from Williams-Sonoma on November 23, 2004. The Magistrate Judge determined that his claims accrued on that date and, therefore, were untimely as of November 24, 2008. See R&R at 18-19. The court agrees.

As this case was filed in 2013, the claims Mr. Brenner seeks to assert, individually and as a class representative, are time-barred. Therefore, the proposed amendment would be futile.

Mr. Brenner argues that the Magistrate Judge incorrectly calculated the date of accrual under the Massachusetts discovery rule. See Obj. at 3-5. Under the discovery rule, "where a plaintiff has suffered an 'inherently unknowable' wrong, for accrual to occur, a plaintiff must have knowledge or sufficient notice of two related facts: (1) that he was harmed; and (2) that his harm was caused by the defendant's conduct." Harrington v. Costello, 467 Mass. 720, 725 (2014). Mr. Brenner argues that his claim did not accrue until he knew "that [Williams-Sonoma] obtained [his] address though the illegal collection of his zip code." Obj. at 4. This contention is incorrect. "[A]ccrual under the discovery rule is not delayed until a plaintiff learns that he was legally

4

harmed." Harrington, 467 Mass. at 729 (discovery rule did not toll limitations period, where plaintiff was defamed in 2005, but did not know defamation was legally actionable until 2007); Williams v. Ely, 423 Mass. 467, 473 (1996) (in medical malpractice action, "plaintiff need not know . . . that the defendant was negligent for the cause of action to accrue"). Mr. Brenner's claims accrued when he learned "that [he] 'sustained appreciable harm as a result of the [William-Sonoma's] conduct.'" RTR Techs., Inc. v. Helming, 707 F.3d 84, 90 (1st Cir. 2013) (quoting Williams, 423 Mass. at 473)). That occurred on November 23, 2009.[2]

Mr. Brenner also argues that the Magistrate Judge erred by declining to applying the continuing violation doctrine. See Obj. at 4; Rep. in Supp. of Obj. at 4-5. Under the "continuing violation" doctrine, if a defendant engages in continuous or repeated unlawful acts, each such act "rewinds the clock" for limitations purposes. Mack v. Great Atl. & Pac. Tea Co., 871 F.2d

---

[2] Mr. Brenner argues, incorrectly, that the court previously found a material dispute of fact as to when Ms. Brenner's claim accrued. See Objection at 2-3. The court held that there was a material dispute of fact regarding whether Ms. Brenner was aware, at the time she made her purchases, that providing her zip code would cause her to receive marketing materials and that she had the option not to do so. See March 31, 2015 Memorandum and Order, Docket No. 61, at 3. This dispute has no bearing on the present inquiry, which is whether Mr. Brenner became or reasonable should have become aware of his injury when he received unwanted marketing materials from Williams-Sonoma.

179, 183 (1st Cir. 1989). To establish a continuing violation, "[at least one] act that falls within the limitations period must itself constitute an actionable violation." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 7 (1st Cir. 2005). "[T]he ongoing injuries or harmful effects of a single unlawful act do not extend the limitations period." Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez, 659 F.3d 42, 51 (1st Cir. 2011). Mr. Brenner argues that Williams-Sonoma violated Chapter 93A each time it mailed him unwanted marketing materials, and that the last such mailing occurred within the limitations period. See Rep. in Supp. of Obj. at 5 & n.5. The receipt of unwanted marketing materials is an injury that may arise from a violation of §105(a). See Tyler, 464 Mass. at 503-04. However, Mr. Brenner cites no authority for the proposition that sending unwanted marketing materials is itself unlawful. Accordingly, the only "actionable violation" Mr. Brenner has alleged is the collection of his zip code in 2004, well outside the limitations period. Centro Medico, 406 F.3d at 7. The continuing violation doctrine does not apply.

Because neither of Mr. Brenner's objections are meritorious, the court is adopting the Magistrate Judge's recommendation and denying Mr. Brenner's motion for leave to amend.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  The Magistrate Judge's Report and Recommendation (Docket No. 96) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2.  For the reasons stated in the Report and Recommendation, the plaintiff's Motion to Substitute (Docket No. 77) is DENIED.

3.  For the reasons stated in the Report and Recommendation and in this Memorandum and Order, the plaintiff's Motion for Leave to Amend (Docket No. 77) is DENIED.

4.  This case is DISMISSED without prejudice.

                    /s/ signature
UNITED STATES DISTRICT JUDGE